**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
LUIS CEDENO, *pro se*,                                    :
                                        Petitioner,       :
                                                          :          **SUMMARY ORDER**
                        -against-                         :          14-CV-6666 (DLI)
                                                          :
STEVEN RACETTE,                                           :
                                                          :
                                        Respondent.       :
------------------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

Petitioner, presently incarcerated at Clinton Correctional Facility, filed this *pro se*

petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 on November 7, 2015.  (Docket

Entry No. 1.)  The Court ordered respondent to show cause why a writ should not be issued. In

lieu of responding to the petition, respondent moved for a more definite statement.  (Docket

Entry No. 6.)  Petitioner responded to the motion, conceding that the petition was premature and

requesting that the Court allow him to voluntarily withdraw the petition or, in the alternative,

stay the petition.  (Docket Entry No. 7.)  Petitioner's request to withdraw the petition without

prejudice is granted as the petition is premature.[1]  However, the Court offers no opinion as to the

merits of the petition.  As the Court dismisses the petition without prejudice, petitioner's request

for a stay is denied and respondent's motion for a more definite statement is denied as moot.

Petitioner may pursue any appropriate post-conviction relief in state court.  The Court

advises petitioner that the filing of this habeas petition does not toll the statute of limitations

under 28 U.S.C. § 2244(d), *Duncan v. Walker*, 533 U.S. 167 (2001), and that petitioner's

conviction may have been made final more than one year ago.  Therefore, if petitioner has not

---

[1] A second habeas petition will not be considered second or successive unless a prior §2254 petition was adjudicated
on the merits.  *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Moreover, a later habeas petition will not be
considered second or successive if the prior petition was dismissed as premature. *Villanueva v. United States*, 346
F.3d 55, 60 (2d Cir. 2003) (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-44 (1998)).

already pursued post-conviction relief, any future petition for *habeas corpus* relief under 28

U.S.C. § 2254 may be time barred.

SO ORDERED.

Dated:  Brooklyn, New York
        May 22, 2015

                                                                    /s/
                                                        DORA L. IRIZARRY
                                                   United States District Judge